**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

GILDARDO PERDONES ACOSTA,

Petitioner,

v. Case No. 2:26-cv-02757-MSN-atc

CHRISTOPHER BULLOCK,
New Orleans Field Office Director for
ICE Enforcement and Removal Operations,

Respondent.

---

**ORDER GRANTING IN PART PETITION FOR WRIT OF HABEAS CORPUS**

---

Before the Court is Petitioner Gildardo Perdones Acosta's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), challenging his continued detention by Immigration and Customs Enforcement ("ICE"). (ECF No. 1.) After reviewing the Petition, the Court ordered Respondent to show cause why the writ should not issue. (ECF No. 6.)

In his return, Respondent concedes that Petitioner is properly detained under 8 U.S.C. § 1226(a) and is therefore entitled to a bond hearing. (ECF No. 8.) Respondent, however, claims that Petitioner never requested a bond hearing and that the Petition should be dismissed for failure to exhaust administrative remedies. (*Id.*)

Petitioner replies that he, through counsel, filed a motion for a bond hearing while he was detained in the Western District of Tennessee. (ECF No. 9 at PageID 60.) He attaches a notice of that hearing, scheduled for July 9, 2026, to his reply. (ECF No. 9 at PageID 71.) Before the hearing occurred, Petitioner was transferred out of the Western District of Tennessee to Natchez, Mississippi. (*Id.* at PageID 60.) To date, Petitioner has not received a bond hearing.

All parties agree that *Lopez-Campos*, 175 F.4th 713 (6th Cir. 2026), controls here. *Lopez-Campos* found that some aliens, like Petitioner, who are present in the interior of the United States without being admitted or paroled, are properly detained under 8 U.S.C. § 1226(a) and that due process requires ICE to provide a bond hearing pending the aliens' removal proceedings.

Although Petitioner requests immediate release, that is not the relief to which he is entitled under § 1226(a) and *Lopez-Campos*. Further, administrative exhaustion is not warranted here—Petitioner requested a bond hearing and never received one.

Accordingly, the Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED IN PART**, and Respondent is **ORDERED** to give Petitioner an individualized bond hearing under 8 U.S.C. § 1226(a) within **10 days of the date of this Order.** If a bond hearing is not held within 10 days of the date of this Order and Petitioner has not consented to an extension, then Petitioner shall be released from custody at that time. Judgment will be entered accordingly.

**IT IS SO ORDERED**, this 20th day of November, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE